UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 23-0108 (17) |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ANTORIA JOHNSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a *pro se* letter motion for early termination of probation filed by the Defendant, Antoria Johnson ("Johnson"). Record Document 840. The Court requested the input of the United States Probation Office and the United States Attorney's Office for the Western District of Louisiana regarding Johnson's request. Neither party recommends early termination of Johnson's supervised probation at this time.

Johnson was convicted of one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. *See* Record Document 313. On July 11, 2024, she was sentenced to serve five years of supervised probation. *See* Record Document 677. In addition, Johnson was ordered to pay restitution in the amount of $40,916.00. *See id.* To date, Johnson has paid $7238.28 towards the amount owed. She has served approximately 17 months of her five-year term of supervised probation.

Johnson's motion states that she has complied fully with all conditions of probation, including passing all drug screens, maintaining stable employment, attending counseling, completing community service, and attending all scheduled appointments with her probation officer. *See* Record Document 840. Johnson also states that she has enrolled in school and is actively involved in community organizations. *Id.* Johnson requests that

her term of supervised probation be terminated so that she may fully move forward with her life. *Id.*

A district court is authorized by 18 U.S.C. § 3564(c), after considering the factors set forth in 18 U.S.C. § 3553(a), to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The decision of whether to grant such a motion is a matter left to the sentencing court's discretion. *See United States v. Cloyd*, No. 24-CR-0099, 2025 WL 1638164, at *1 (E.D. Tex. June 6, 2025) (citing *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022)).

"Courts have generally held that something more than compliance with the terms of probation is required to justify early termination." *United States v. Reed*, No. 15-CR-100, 2020 WL 4530582, at *2 (E.D. La. June 6, 2020) (quoting *United States v. Smith*, No. 10-CR-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)). "[E]arly termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior." *United States v. Jones*, No. 11-CR-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). A defendant's proof of compliance with the terms and conditions of probation does not necessarily equate to "exceptionally good behavior" justifying early termination. *See United States v. Hartman*, No. 00-CR-228, 2013 WL 524257, at *2 (N.D. Tex. Jan. 18, 2013), *report and recommendation adopted*, No. 00-CR-228, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013).

The Court commends Johnson on the positive steps she has taken to improve herself and her life circumstances. However, many of these steps are required by the terms and conditions of her probation, which is generally insufficient to justify early termination.

The Court also notes that Johnson was convicted of a serious financial crime. The presentence report calculated Johnson's sentencing guideline range as 15-21 months imprisonment. *See* Record Document 583 at ¶ 142. During the sentencing hearing the Court declined to apply a two-point enhancement and recalculated the guideline range as 12-18 months. *See* Record Document 679. The Court departed downward by sentencing Johnson to a five-year term of probation based on the 18 U.S.C. § 3553(a) factors. *See id.* at 2. In light of the downward departure provided to Johnson, the Court believes the term of probation, as imposed, is appropriate.

Accordingly, after consideration of the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need for the sentence to reflect the seriousness of the offense, Johnson's motion for early termination of supervised probation [Record Document 840] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 23rd day of December, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE